## Commonwealth v. Hall

*Frederick D. Lingle,* for the Commonwealth.
*Martha W. Riegel,* for defendant.

BROWN, *P.J.,* February 25, 1983—On May 12, 1982, defendant was found guilty by a jury of driving under the influence. Post verdict motions were filed on his behalf by his private counsel, and following private counsel's withdrawal from the case, defendant was assigned a public defender. Following the filing of the transcript of the trial, written briefs, and oral arguments, defendant's motions are ready for disposition.

The first five reasons assigned for a new trial essentially question the sufficiency of the evidence to convict defendant as well as an argument that the jury should not have accepted the believability of the Commonwealth's witnesses. In addressing the sufficiency of the evidence argument, defendant must realize that the Commonwealth as the verdict winner is entitled to all reasonable inferences flowing from the testimony presented. With this in mind, it is to be noted that the Commonwealth introduced evidence that on the evening in question, January 18, 1982, defendant had been drinking alcoholic beverages and that shortly after leaving the place where he had been drinking he had an accident which occurred when he was on the wrong side of the highway, and that he had a

blood alcohol reading of .13. There was also evidence presented that defendant, while perhaps not violating the speed limit, was driving at an excessive rate of speed, 50-55 miles per hour, considering the time of the year and the roadway conditions. This evidence by itself giving the Commonwealth the benefit of all reasonable inferences is certainly sufficient for a finding of guilt on the charge of driving under the influence.

Defendant's main argument against the sufficiency of the evidence relates to the credibility of the Commonwealth's evidence and its witnesses. Issues of credibility are solely matters for the jury and it is difficult to perceive a legal basis for defendant's argument that this jury should not have believed the Commonwealth's witnesses. The fact that there was testimony regarding a thin coating of ice on the berm of the road and of defendant's stunned condition after the accident were factors that the jury could have considered in arriving at its verdict; however, that body apparently did not conclude that these circumstances prevented a finding beyond a reasonable doubt that defendant at the time of the accident was under the influence to a degree which rendered him incapable of safe driving.

Defendant's next eight reasons assigned as a basis for a new trial involve contentions that the district attorney's closing argument to the jury was prejudicial to him. Initially defendant argues that the district attorney's comments were generally so prejudicial that he was denied his right to a fair trial. This is a difficult argument to evaluate when defendant points to no instances of prejudice, and accordingly, the court rejects this contention while noting that the district attorney's arguments con-

sumed about six pages of the transcript and aside from being very short did not excessively dwell upon any particular point to the prejudice of defendant.

Defendant's next argument is that the district attorney in his closing argument used such language as "deceive" and "unbelievable" in relation to defendant's case and/or witnesses. A reading of the transcript of the district attorney's argument to the jury reveals that this observation is a bald misstatement of fact, and the court can discern nothing in the record where the word "deceive" or "unbelievable" was used in connection with defendant's case and/or the witnesses. The district attorney did argue to the jury that it should find that the Commonwealth's witnesses were not trying to deceive the jury, but this is far different from defendant's allegation that the district attorney referred to defendant's witnesses as deceitful or unbelievable.

Defendant next argues that the district attorney's argument was prejudicial because he referred to the other people involved in the accident as victims and asked the jury whether it was fair that they were injured as a result of defendant's actions. This comment was made once and taken in the context of the entire argument, the court does not believe that it was a point upon which the district attorney dwelled or was of such impropriety as to deny defendant of a fair trial. There can be little question that the occupants of the other vehicle who were on their own side of the road were victims of defendant's errant driving, and to this extent the district attorney's characterization of them as victims was not inaccurate. The district attorney did not ask the jury to convict defendant simply because he was

involved in an accident, and the court is satisfied that the jury was not confused on this point nor was it prejudiced against defendant.

Defendant next complains about the district attorney's asking the jury why defendant did not bring in seven or eight other witnesses who were at the gathering at which he was drinking. He argues that the testimony showed that most or all of these witnesses would have left prior to defendant's leaving and would not have been able to testify as to his condition. Even if this were so, their inability to testify would not necessarily follow. If they had observed defendant in an intoxicated condition by the time they had left that evening, this type of testimony would have been relevant and adverse to defendant and perhaps consistent with the district attorney's valid argument that he did not call these people because their testimony might have been adverse to him. In any event, this was an issue properly for the jury to resolve.

Next, defendant argues that the district attorney erred in advising the jury that it represented the citizens of Clinton County, and that it enforced the laws of the Commonwealth in the county. This particular argument is misleading when considered in the context of the actual argument made by the district attorney. That argument was to the effect that the jurors represented the citizens of the community and if the evidence showed that defendant was guilty beyond a reasonable doubt, proper enforcement of the Commonwealth's laws required that defendant be found guilty. There is nothing legally inaccurate or prejudicial about this argument or observation and defendant's argument on this point is likewise rejected.

Finally, with regard to the district attorney's clos-

ing argument, defendant argues that it was unfair for him to argue that the reason for the legislature's establishing the offense of driving under the influence was a result of deaths or injuries that resulted from alcohol use and driving. Again, the district attorney merely stated the legislature's purpose behind the enactment of the driving under the influence statute which is something the court also did in its final charge to the jury. This is not designed to be prejudicial nor does the court perceive it as prejudicial. It merely serves as background material for the jury so it can understand the purpose of the statute in their construing it.

Defendant's final motion relates to the court's refusal to suppress the blood test results. In the suppression hearing held on May 6, 1982, the court issued a formal opinion and order with findings of fact and conclusions of law which denied defendant's request to suppress the blood test result.* In that opinion, it was the court's position that the blood extracted from defendant was removed by his physician in the emergency room for treatment purposes and not for testing purposes; therefore, it was not necessary for the trooper to have secured a search warrant prior to utilizing this blood for testing. Defendant disagrees with the facts found by the court. After reviewing the record, the court is satisfied to sustain its original factual and legal determinations on this issue.

ORDER

And now, February 25, 1983, based upon the fore-

---

*The court's opinion regarding defendant's motion to suppress blood test results appears below.

going opinion, it is hereby ordered that defendant's post verdict motions be dismissed and the requested relief be denied and further that a pre-sentence investigation report regarding defendant be prepared by Clinton County Adult Probation Services upon the completion of which the matter shall be scheduled for sentencing.

Motion to suppress blood test results. C.P. of Clinton County, no. 49-82.

*Robert D. O'Connor, Jr.*, for the Commonwealth.
*Brent A. Petrosky,* for defendant.

BROWN, *P.J.*, May 6, 1982—

### FINDINGS OF FACT

Defendant was involved in an automobile accident in Lamar Township on January 15, 1982. Trooper Smedley of the Pennsylvania State Police investigated the incident which resulted in defendant's being transported by ambulance to the Lock Haven Hospital.

Trooper Smedley arrived at the hospital after defendant's arrival. He observed defendant in the emergency room and mentioned the subject of blood alcohol level to the treating physician who responded that he was going to draw blood from defendant for test purposes. Trooper Smedley did not request or direct the doctor to do this; however, he subsequently secured the results which evidenced a blood alcohol level of .13. Defendant was thereafter charged with driving under the influence and sent a summons on January 19, 1982.

While the extent of defendant's injuries is unclear, he was kept in the hospital and discharged on January 19, 1982. Prior to the drawing of blood from his body, he was not advised of any Miranda

rights nor did he consent to the drawing of blood. Defendant was not under arrest at the time and a search warrant was not secured to get his blood sample.

## DISCUSSION AND CONCLUSIONS OF LAW

The basis of defendant's request that the blood test results be suppressed is that he was subjected to an illegal search and seizure. The foundation of this claim is that hospital personnel extracted blood from him at the request and direction of Trooper Smedley. From a factual standpoint, the court must disagree with defendant's position since it must be observed that the blood was taken in a hospital setting in the emergency room at which time the court must assume that hospital personnel were attempting to diagnose the extent of his injuries and were in fact treating him. Trooper Smedley's mention to the treating physician of defendant's blood alcohol level was not done in the context that the physician was directed to take the test and to the contrary it appears to the court from the testimony that the test was going to be taken in any event for medical purposes.

Thus, the case comes within the factual confines of Com. v. Jerry Lee Yost, No. 131-80 (Criminal Division, Clinton County). Accordingly, the court would find that the police were not guilty of any wrongful conduct in illegally obtaining blood from defendant because of the fact that the blood was being taken by defendant's physician in conjunction with his treatment at the emergency room. Whether or not defendant's physician wrongfully extracted blood is not a matter before this court and would not affect the admissibility of the blood test results in these proceedings. It is only illegal con-

duct of the government or its representatives which is protected by the Fourth Amendment and the public policy behind excluding such illegally obtained evidence does not exist since there would be no deterrent effect upon law enforcement officers who in this case did not cause the taking of the blood sample in question.

### ORDER

And now, May 6, 1982, based upon the foregoing opinion, it is hereby ordered that defendant's motion to suppress blood test results be dismissed and the requested relief be denied.